IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.  16-cv-128 |
| | ) |
| EFFINGHAM COUNTY HEALTH DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

### I.  PARTIES

1.  Plaintiff is an individual who resides in Effingham, Effingham County, Illinois.

2.  The Defendant Effingham County Health Department is a public body with its offices in Effingham, Effingham County, Illinois.

### II.  VENUE

3.  Venue is appropriate because this is the district wherein the Plaintiff resides and wherein the primary office of the Defendant is located.

### III.  JURISDICTION

4.  This cause of action arises under federal statute 42 U.S.C. § 1983 and other federal statutes and as such the Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 1343(a).  To the extent state claims are also implicated, the Court has jurisiction under the Doctrine of Pendent Jurisdiction.

## IV. CAUSES OF ACTION

5. Plaintiff asserts causes of action for violation of her deprivation of a property interest in her employment without due process of law. In addition, Plaintiff's cause of action would include violations of the Federal Labor Act for concerted employee activity, violation of the various Medicare and Medicaid laws for seeking to terminate Plaintiff for refusing to violate said laws and to engage in improper and illegal conduct, for violation of both state and federal whistle blower acts involving the disclosure of certain improper conduct on behalf of supervisors and for other improper employment actions which deprived Plaintiff of her public employment without due process of law. In support of these propositions Plaintiff alleges that:

a) She and at least 3 others approached the Board of Directors concerning improper employment activities. Since the date of the concerted employee action, 3 of the 4 employees have been fired.

b) That Plaintiff was requested to engage in illegal conduct to wit: billing Medicare and Medicaid patients for work which was either not done or was not done under the appropriate supervision. When Plaintiff refused to engage in such conduct she was terminated. Her termination occurred on or about February 15, 2014.

c) That Plaintiff was given no procedural remedy to contest her termination and was not allowed to confront or cross-examine witnesses against her nor was she allowed any procedural due process in the termination process.

d) That Plaintiff refused to direct her staff and she refused to bill for prescriptions which were not subject to a doctor's order which was properly signed. This is one of the grounds upon which

the Plaintiff was terminated.

e) That the Plaintiff and others sought to disclose that certain members of the county board were improperly appropriating or otherwise using funds. The response of the board indicated that they would "take care of it" and in response they terminated Plaintiff in violation of both state and federal law.

f) That the board engaged in age discrimination in that they terminated Plaintiff because of her age. Prior to termination they suggested that she was old enough to retire and when she did not they terminated her.

6. That the improper consideration of age, the fact that the Plaintiff was terminated because she took part in concerted employee activities because she would not engage in illegal acts which violate both state and federal Medicaid and Medicare Act and refusing to bill items that should not properly be billed, Plaintiff was terminated on or about February 15, 2014.

7. That the disclosure of her termination effected her reputation as a public employee and was therefore also a violation of her liberty interests as guaranteed under the 5th and 14th Amendments to the Constitution of the United States and otherwise damaged Plaintiff.

WHEREFORE, Plaintiff prays judgment against the Defendant in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in punitive damages and the sum of ONE MILLION DOLLARS ($1,000,000.00) together with costs of this action and appropriate attorney's fees.

CONNIE HART, Plaintiff

By   /s/ H. Kent Heller_____
        Of Heller, Holmes & Associates, P.C.
        Her Attorneys

## JURY DEMAND

Plaintiff hereby demands trial by jury.

CONNIE HART, Plaintiff

By   /s/ H. Kent Heller_____
      H. KENT HELLER
      HELLER, HOLMES & ASSOCIATES, P.C.
      1101 Broadway Avenue, P.O. Box 889
      Mattoon, IL 61938
      TEL: 217-235-2700
      FAX: 217-235-0743
      E-Mail: kent@hhlawoff.com
      ARDC No. 1181009

c:hart 19100 2.1.16 complaint